IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONS LENDING CORPORATION, | ) |
| *Plaintiff*, | ) |
| v. | ) CASE NO. 1:24-cv-629 |
| HORACIO PORTES, | ) |
| *Defendant*. | ) |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IN THE ALTERNATIVE TO TRANSFER VENUE

Defendant Horacio Portes moves to dismiss Plaintiff's Complaint for Damages and Injunctive Relief for lack of personal jurisdiction, and in the alternative, moves this Court to transfer venue to the Southern District of Texas for the reasons set forth in Defendant's Memorandum of Law in Support of his Motion to Dismiss for Lack of Personal Jurisdiction and, in the Alternative, to Transfer Venue, which is incorporated by reference.

By:  s/ J. Colin Knisely
J. Colin Knisely (Ohio Bar No. 68719)
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
P: (215) 979-1112
F: (215) 979-1020
CKnisely@duanemorris.com

*Attorneys for Horacio Portes*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONS LENDING CORPORATION, | ) |
| *Plaintiff*, | ) |
| v. | ) CASE NO. 1:24-cv-629 |
| HORACIO PORTES, | ) |
| *Defendant*. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IN THE ALTERNATIVE TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

In this action, the Plaintiff Nations Lending Corporation ("Nations" or "Plaintiff") has alleged a breach of contract by Defendant Horacio Portes ("Portes" or "Defendant") and sued Mr. Portes in Ohio state court for repayment of a retention bonus, as well as alleged breach of a non-solicitation covenant and misuse of confidential information. Portes filed a notice of removal on April 5, 2024, and now moves to dismiss this case for want of personal jurisdiction. Alternatively, if this Court finds that exercise of personal jurisdiction over Portes is proper, this matter should be transferred to the Southern District of Texas, pursuant to the parties' agreement and for the convenience of the parties.

**I.     STATEMENT OF FACTS**

**A.     The Facts Do Not Support Exercise of Personal Jurisdiction Over Portes**

Nations' complaint contains only the barest of jurisdictional allegations. Nations contends that:

1

> This Court possesses personal jurisdiction over Portes pursuant to Section l0(i) of his Employment Agreement ("Employment Agreement") with Nations Lending, attached as Exhibit A, in which Portes agreed to submit to the jurisdiction of Ohio courts for actions seeking injunctive relief to enforce the Employment Agreement.

Portes denies these allegations. Portes never agreed to the jurisdiction of Ohio courts. The section of the Employment Agreement that Nations relies upon states, in full:

> **Governing Law; Jurisdiction and Venue.** This Agreement, for all purposes, to the maximum extent permitted by applicable law, shall be construed in accordance with the laws of Ohio without regard to any conflicts of law principles. Should applicable law specifically prohibit the use of the law of a foreign jurisdiction, then the Law of the relevant jurisdiction shall be used. Any action or proceeding by either of the parties to enforce this Agreement shall be brought only in accordance with the arbitration provision contained within this Agreement except that *action may be brought in a state or federal court located in the state of Ohio* **or the state of Employee's primary residence, if different**, *for the purposes of obtaining a restraining order or injunction* against a violation of provisions of this Agreement or to enforce a judgment rendered in accordance with the results of arbitration between the parties. The parties hereby irrevocably *submit to the non-exclusive jurisdiction of such courts* and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue. EACH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO PARTICIPATE IN A CLASS ACTION OR A TRIAL BY JURY IN ANY LEGAL ACTION, PROCEEDING, CAUSE OF ACTION, OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT.

Exhibit A, section 10(i) (capitalized last sentence in original, other emphasis added). The agreement says that jurisdiction for purposes of an injunctive proceeding will be Ohio unless the Employee does not live in Ohio, in which case it will be the state of the Employee's primary residence. The use of the disjunctive "or" shows that jurisdiction is proper in only one forum – Ohio, or the state of the Employee's residence, if that state is not Ohio. Had Nations wanted to subject Portes to jurisdiction in multiple jurisdictions, it could have used language making clear that jurisdiction is proper in Ohio **and** in any forum where an Employee resides. Nations chose not to do so, and the language at issue should be construed against Nations as the drafter of the agreement. "[I]t is axiomatic that contracts . . . are construed against the drafter." *Cranberry Fin., LLC v. S & V Partnership*, 186 Ohio App.3d 275, 2010-Ohio-464, 927 N.E.2d 623, ¶ 11 (6th Dist.).

"In other words, he who speaks must speak plainly or the other party may explain to his own advantage." *McKay Mach. Co. v. Rodman*, 11 Ohio St.2d 77, 80, 228 N.E.2d 304 (1967).

Without this Court's help in construing the Employment Agreement, Nations has no hope of subjecting Portes to jurisdiction in Ohio. Portes has lived in the State of Texas for 38 years. *See* Exhibit B, Declaration of Portes at ¶3. He has never travelled to Ohio, has never provided mortgage services to an Ohio resident, and has never conducted business in Ohio. *Id*. at ¶5. Portes was recruited to Nations Lending by Lance Stifflemire, who is based in the Houston area, and by Michael Puyear, who lives in the Dallas area. *Id*. at ¶6. During recruitment, Mr. Stifflemire visited Portes in Edinburg, Texas, but Portes never visited Ohio. *Id*. at ¶7. Even Portes' offer letter was signed by Randy Koerner, who was a regional manager for Nations, based in Phoenix, Arizona. *Id*. at ¶8. During employment at Nations, Portes was manager of a branch operation in Texas, reported to Mr. Stifflemire, and had little to no direct contact with any Nations employees in Ohio. *Id*. at ¶9. In short, Portes is a stranger to Ohio, and should not be subjected to jurisdiction in its courts.

**B.     Relevant Witnesses and Evidence Are in Texas**

Plaintiff alleges that Portes took its confidential information, presumably by means of computers and possibly other electronic devices used by Portes in Texas. *See* Complaint at ¶23. Plaintiff alleges that Portes improperly solicited business from mortgage borrowers located in Texas. *Id*.; *see generally* Exhibit B. Testimony from those borrowers may become relevant to understand whether Portes solicited their business in violation of the Employment Agreement, especially since Portes was not prohibited from accepting their business. *See* Exhibit A at p.7. To the extent Plaintiff alleges that any of Portes' staff was involved in the alleged solicitations or use of alleged confidential information, they are all located in Texas. Exhibit B at ¶4. The individual

3

to whom Portes reported during his employment at Nations is based in Dallas, Texas. *Id*. at ¶9. As stated above, he was the key person responsible for hiring Portes, and his testimony may be key to understanding the representations that were made to Portes on behalf of Nations and the parties' understanding as the employment contract was entered into. Portes moved from Nations to InterLinc Mortgage Services, LLC, a company based in Houston, Texas. *Id*. at ¶10. Nations alleges that Portes took actions soliciting business and using confidential information after he had moved his employment to InterLinc. Therefore, it stands to reason that testimony and evidence from InterLinc's Texas operations may be necessary.

## II.    LEGAL STANDARDS

### A.    Personal Jurisdiction

Rule 12(b)(2) authorizes dismissal of a case filed in a court that lacks personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 12(b)(2). There are two types of minimum contacts: those giving rise to "general" personal jurisdiction, and those giving rise to "specific" personal jurisdiction. *Mink v. AAAA Dev. LLC,* 190 F.3d 333, 336 (5th Cir. 1999). General jurisdiction exists where a corporation is alleged to have "continuous and systematic" contacts that "render them essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014). In contrast, specific jurisdiction exists only where (1) "the defendant purposefully directed its activities at the residents of the forum;" (2) "the claim arises out of or relates to those activities;" and (3) "assertion of personal jurisdiction is reasonable and fair." *3D Sys., Inc. v. Aarotech Labs., Inc*., 160 F.3d 1373, 1378 (Fed. Cir. 1998). The plaintiff bears the burden of pleading facts necessary to establish personal jurisdiction over the defendant. *Pieczenik v. Dyax Corp*., 265 F.3d 1329, 1334 (Fed. Cir. 2001); *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985) ("When a nonresident defendant presents a motion to dismiss for lack of personal

4

jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.").

**B.     Venue**

"For the convenience of parties and witnesses, in the interest of justice," the court may transfer an action "to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 USC § 1404(a).

### III.     ARGUMENT

**A.     Plaintiff Fails to Establish Personal Jurisdiction as to Defendant**

Defendant seeks dismissal of Plaintiff's claims against it because Plaintiff has failed to allege facts that would establish that Defendant is subject to personal jurisdiction in Ohio.

**1.     Nations' Reliance on the Employment Agreement is Misplaced**

As urged above, contrary to Nations' insistence, the forum selection clause in the Employment Agreement does not obligate Portes to appear in Ohio courts. To the contrary, it states that despite the existence of an arbitration agreement, injunctive relief may be sought in court in the state of the Employee's residence if that state is somewhere other than Ohio. In the event that injunctive relief is sought, the Employment Agreement would prevent an argument that the district court is deprived of jurisdiction by the arbitration provision.

Even if the Court concludes that the Employment Agreement stands for the proposition that the parties have agreed to litigate in Ohio courts, the forum selection clause is not valid. Under Ohio law, courts look to three factors and will not enforce a forum selection clause if: (i) it is a result of fraud or overreaching; (ii) enforcement would violate a strong public policy of the forum; or (iii) enforcement would, in the particular circumstances of the case, result in litigation in a

5

jurisdiction so seriously inconvenient as to be unreasonable. *Zilbert v. Proficio Mortg. Ventures, L.L.C.*, 2014-Ohio-1838, ¶ 20.

With respect to the first factor, the fact that the clause arises in an employment agreement, as opposed to an agreement between sophisticated commercial entities "can make a difference in determining whether to uphold such a clause." *Id.* at ¶32. Though Portes does not allege fraud, there was absolutely a large disparity in bargaining power between Portes and Nations, with employment being predicated on signing Nations' form agreement.

Forum selection clauses do not, in and of themselves, violate the public policy of Ohio. Therefore, the second factor does not weigh in favor of non-enforcement. *See id.* at ¶24.

The third factor, however, weighs heavily in favor of non-enforcement because it would be unreasonable or unjust to enforce the forum selection clause. *Id.* at ¶25. In determining whether the selected forum is sufficiently unreasonable, Ohio courts consider the following factors: (1) which law controls the contractual dispute; (2) the residency of the parties; (3) where the contract was executed; (4) where the witnesses and parties to the litigation are located; and (5) whether the forum clause's designated location is inconvenient to the parties. *Id.* at ¶ 27 (citing *Original Pizza Pan v. CWC Sports Group, Inc.,* 194 Ohio App.3d 50, 2011–Ohio–1684, 954 N.E.2d 1220 (8th Dist.)).

Although the Employment Agreement in this case has an Ohio choice of law, it is likely that Texas law will govern the enforceability of the Employment Agreement. This Court will apply Ohio conflict of laws rules. *See In re Com. Money Ctr., Inc., Equip. Lease Litig.*, 627 F. Supp. 2d 786, 793 (N.D. Ohio 2009) ("In deciding conflict of law questions in diversity of citizenship cases, a federal court generally follows the choice of law rules of the state in which it

6

sits."). Ohio has adopted Section 187(2) of the Restatement (2d) of Conflict of Laws. *Sekeres v. Arbaugh*, 31 Ohio St.3d 24, 25, 508 N.E.2d 941, 942 (Ohio 1987) ("This court adopted the tests found in Section 187(2) of the Restatement of the Law 2d, Conflict of Laws (1971) 561, to decide which state's law would be followed."). "In *Schulke* ... the Supreme Court of Ohio adopted the Restatement of the Law 2d, Conflict of Laws (1971) 561, Section 187(2), which essentially provides that the parties' choice of law to govern their contract will be enforced, except where the chosen state has no substantial relationship to the parties or the transaction or when the application of its law would offend a fundamental policy of a state with a materially greater interest." *Greif Packaging, LLC v. Ryder Integrated Logistics, Inc.*, No. L–09–1259, 2010 WL 3610588, at *3 (Ohio Ct.App. Sept. 17, 2010).[1]

Here, Texas has the materially greater interest in determining whether Portes' restrictive covenants are enforceable, whether Portes is in violation of the same, and whether Portes should be enjoined. At stake is whether a Texas resident is bound by restrictions on his ability to compete for business with his former employer. Texas is directly interested in Portes as an employee in the state of Texas, in Nations as an employer doing business in Texas, and in the consumers of the services offered by Nations and by Portes at his new job. Ohio's interest is limited to protecting a nationwide business headquartered in that state. Texas has a materially greater interest in the outcome of this case.

Because this is true, the Court must look at whether application of Ohio law offends a fundamental policy of the state of Texas. The Texas Supreme Court has held that what restrictive

---

[1] Even if the Court were to consider section 187(1), it does not apply here because whether the restrictive covenants in the Employment Agreement are enforceable is not an issue the parties could have resolved by an explicit provision in the agreement. Nor could the parties have resolved by explicit provision a dispute over whether confidential information was taken or used.

7

covenant agreements are reasonable restraints upon Texas employees is a fundamental policy in Texas, and that application of another state's laws to determine that enforceability would be contrary to fundamental Texas policy. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 681 (Tex. 1990). Furthermore, the repayment of a retention bonus of the type at issue in this case is likely a restraint of trade under Texas law, and would fall under the rule favoring application of Texas law as well. *See generally Rieves v. Buc-cee's Ltd.*, 532 S.W.3d 845 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding that agreement whereby employee would repay more than $66,000 upon leaving employment for any reason prior to expiration of a term constituted a restraint on trade, which was unlawful because it did not meet the requirements of the Texas Non-Compete Act). Accordingly, applying Ohio law to the claims in this lawsuit will violate a fundamental policy of the state of Texas.

The Employment Agreement was executed electronically, with Portes signing the document from Texas. Not only is Portes a resident of Texas, but virtually of the witnesses who can testify regarding Portes' actions are from Texas. Moreover, many of these witnesses are no longer employed by Nations, and cannot be forced to participate in litigation that is outside of subpoena range. For instance, Stifflemire and Koerner, who are responsible for recruiting Portes and one of whom supervised Portes, are no longer Nations employees. Portes lives in Mission, Texas, which is some **1,694 miles** from Cleveland, Ohio, according to Google Maps. To the extent Nations has witnesses or evidence that is located in Ohio, it can much more easily bear the cost of having those witnesses appear in Texas than Portes can shut down his business, travel to Cleveland, and hopefully have relevant witnesses who might testify for him agree to come along at their own expense. To have Portes bear that burden is untenable.

**2.    Portes Lacks Minimum Contacts with Ohio to Satisfy Due Process**

To establish a prima facie showing of personal jurisdiction over a defendant, the plaintiff must show: "(1) the defendant is amenable to suit under the forum state's long-arm statute; and (2) due process requirements of the Constitution are met." *Highway Auto Sales v. Auto–Konig of Scottsdale, Inc.*, 943 F.Supp. 825, 828 (N.D.Ohio 1996). Under the long-arm statute of Ohio, transacting any business in the state is sufficient to exercise jurisdiction over a Defendant. O.R.C. § 2307.382. Courts have held that entering into any contract with an Ohio resident is sufficient to meet this threshold. *Highway Auto Sales*, 943 F.Supp. at 829. Be that as it may, Portes' contacts with the forum are virtually non-existent, and not sufficient to satisfy due process.

The due process clause of the Constitution requires that a defendant have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Jurisdiction may be general or specific. For general personal jurisdiction, a defendant's affiliations with a state must be so "continuous and systematic" as to render the defendant "essentially at home in the forum state." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Here, Portes has no contacts with the forum state, much less contacts sufficient to cause him to be "at home" in Ohio. General personal jurisdiction does not exist over Portes.

Specific jurisdiction requires three elements: First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of defendant or consequences caused by the defendant must have a substantial enough connection

9

with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Douglas v. Mod. Aero, Inc.*, 954 F. Supp. 1206, 1211 (N.D. Ohio 1997).

Portes has not purposefully availed himself of the forum in this case because the only contact that is alleged by Plaintiffs is that he has entered into a contract with an Ohio company. The Supreme Court has determined that merely entering into a contract with a resident of the forum state, without more, does not "automatically establish sufficient minimum contacts," because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transactions." *Highway Auto Sales*, 943 F.Supp. at 830. Here, Portes had no prior contact with the state of Ohio. Exhibit B, ¶5. Portes had minimal, if any, contacts with Ohio after the contract was entered into. Id. & ¶9. The only supervisors with whom he communicated at Nations were not located in Ohio, and his business never extended to Ohio. *See id*. Nor did the Employment Agreement create any expectation of doing business in Ohio. Portes' obligations under the Employment Agreement with Nations amounted to simply operating a branch in southern Texas. No business in Ohio is contemplated by the Employment Agreement.

As to the second specific jurisdiction factor, the alleged actions giving rise to Plaintiff's claims all took place, if at all, in Texas. If Portes solicited customers, he did so in Texas. If Portes took confidential information, he did so in Texas. When Portes resigned his employment before the two years contemplated by the retention bonus, the decision and resignation both took place in Texas. None of Portes' activities took place in Ohio.

Finally, the exercise of jurisdiction over Portes is not reasonable at all. Portes had no connection whatsoever with Ohio other than the fact that the company he worked for has its

10

headquarters there. He never dealt with executives in Ohio, he never traveled to Ohio for training or otherwise, he did no report to any Nations employee in Ohio. Further, as stated above, none of the known witnesses or evidence in this matter are in Ohio, and all are outside of range of a trial subpoena. *See generally* Exhibit B. Forcing this matter to be litigated in Ohio, with the concomitant prejudice to Portes' defense as well as the inconvenience and cost is not reasonable.

**B.     Venue Should Be Transferred to Texas for the Convenience of the Parties and in the Interest of Justice**

As discussed above at length, the language of the forum selection clause in this case should be read to set the venue in Texas, not in Ohio. And if the Court determines that the clause selects Ohio as the forum, the forum selection clause should be disregarded under Ohio law for the reasons set forth above.

When the Court disregards the improper forum selection language of the Employment Agreement, a consideration of the relevant factors weighs heavily in favor of transfer. 28 U.S.C. § 1404(a) governs the transfer of civil actions between federal district courts. It provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The "threshold consideration" is whether the action "might have been brought" in the transferee district. *First Fin. Bank v. Knapschaefer*, No. 3:23 CV 1227, 2023 WL 9955045, at *2 (N.D. Ohio Oct. 5, 2023). If so, the Court then considers "whether on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Id*. (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013)).

Here, the Southern District of Texas is where Portes resides, and is where all of the events upon which Nations' claims are based took place. As such, the District Court for the Southern District of Texas has personal jurisdiction over Portes, and is also a proper venue. *See* 28 U.S.C. § 1391(b)(1), (2).

The convenience of the witnesses is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a), especially the convenience of non-party witnesses. *First Fin. Bank v. Knapschaefer*, No. 3:23 CV 1227, 2023 WL 9955045, at *3 (N.D. Ohio Oct. 5, 2023). Other than whatever corporate representatives Nations may designate, all of the relevant witnesses and all of the relevant evidence will be located in the state of Texas. *See* Exhibit B, ¶¶ 2-4, 6, 8-10. Portes and all of the employees of his branch operation live in Texas. None of the borrowers that Nations alleges were wrongfully solicited reside in Ohio. *Id*. ¶5. Portes' former supervisor and the persons primarily responsible for recruiting him live and work in Texas, and notably, are no longer Nations employees.[2] Portes cannot identify any relevant witnesses in this matter who do not reside in Texas. This factor weighs heavily in favor of transfer, especially because the only way to compel participation of many of these witnesses in either an injunction hearing or trial will be by subpoena. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly").

The interests of justice likewise militate in favor of transfer. Because Portes resides in Texas and resided in Texas during his employment with Nations, Texas law should govern the

---

[2] See https://www.linkedin.com/in/lance-stifflemire-25747b6/; https://www.linkedin.com/in/michael-puyear-8a36181/

enforceability of the restrictive covenants in his Employment Agreement, including the retention bonus provisions. *See discussion supra*. Texas law regarding restrictive covenants is unique and will be more familiar to the courts of the Southern District of Texas. *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) ("'There is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.'") (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)). In addition, because Nations seeks injunctive relief, it makes more sense to have a Texas court order and monitor any injunctive relief. *See, e.g.*, *L. Bull. Pub., Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1021 (N.D. Ill. 1998) ("as a practical matter in this case, Florida is the better forum to enforce and monitor any injunctive relief awarded because the Florida court would be 'closer to the action.'").

Finally, Portes is an individual Defendant and far less able to bear the cost of litigating a case more than 1,500 miles away from his home. The burden on Portes will be substantial in terms of cost and inconvenience to him and his business. Nations, on the other hand, is a nationwide business with more than 700 employees, more than 70 branches, and licensed to conduct business in 47 states and the District of Columbia, according to its website.[3]

### IV.   CONCLUSION

For the foregoing reasons, Defendant Horacio Portes respectfully asks that this Court grant his Motion and dismiss Plaintiff's Complaint without prejudice for want of jurisdiction.

---

[3] https://nationslending.com/bio/jeremy-sopko

Alternatively, if the Court will not dismiss Plaintiff's Complaint, Portes requests that the case be transferred to the United States District Court for the Southern District of Texas.

Respectfully submitted,

Dated:  April 12, 2024

By:　　　s/ J. Colin Knisely
J. Colin Knisely (Ohio Bar No. 68719)
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
P: (215) 979-1112
F: (215) 979-1020
CKnisely@duanemorris.com

*Attorneys for Horacio Portes*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion to Dismiss for Lack of Personal Jurisdiction and, in the Alternative, to Transfer Venue and Memorandum of Law in support of same to be filed electronically with this Court's CM/EFF system on April 12, 2024:

Jeffrey Miller
David Hearty
Stefanik Iosue & Associates
1109 Carnegie Avenue, Floor 2
Cleveland, OH 44115

　　　s/ J. Colin Knisely
*Attorney for Horacio Portes*